PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Teresa Dianne Powell                    Docket No. 0650 2:13CR00001 - 2

## Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Teresa Dianne Powell who was placed under pretrial release supervision by the Honorable Joe B. Brown, U.S. Magistrate Judge sitting in the Court at **Nashville, Tennessee**, on April 10, 2013, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | February 5, 2014 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

| Next Scheduled Court Event | Trial | May 27, 2014 |
|---|---|---|
| | Event | Date |

## PETITIONING THE COURT

☐ No Action                        ☒ To issue an order setting a hearing on the petition
☐ To Issue a Warrant               ☐ Other

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
   ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☒ A Hearing on the Petition is set for

Tuesday, February 18, 2014 @ 1:30 pm
Date                              Time

Considered and ordered this 7th day of February, 2014, and ordered filed and made a part of the records in the above case.

_____
Honorable Joe B. Brown
U.S. Magistrate Judge

Honorable Joe B. Brown
U.S. Magistrate Judge
Petition for Action on
POWELL, TERESA DIANE
Case No. 2:13-CR-00001-02
February 5, 2014

On April 5, 2013, defendant Teresa Diane Powell a/k/a "Tess," appeared before Your Honor for an Initial Appearance as a result of being charged with the following:

    Ct. 1:   Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. § 846, and
    Cts. 2-4: Distribution of Oxycodone, in violation of 21 U.S.C. § 841(a)(1).

The Government did not file a Motion for Detention, and on April 10, 2013, the defendant was released on a personal recognizance bond with pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**

On January 27, 2014, the defendant reported to the U.S. Probation and Pretrial Services Office located in Cookeville, Tennessee, for an urine screen. She submitted a sample that was confirmed positive for the presence of oxycodone on January 31, 2014. Defendant Powell denies she used this substance.

**Violation No. 2: Submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.**

As noted previously, on January 27, 2014, Ms. Powell submitted a urine sample that tested positive for oxycodone. It also resembled orange soda. The sample was sent to Alere Laboratories, located in Gretna, Louisiana, and laboratory results indicate the specimen was also diluted.

**Current Status of Case:**

A trial date has been set for May 27, 2014, at 9 a.m.

Honorable Joe B. Brown
U.S. Magistrate Judge
Petition for Action on
POWELL, TERESA DIANE
Case No. 2:13-CR-00001-02
February 5, 2014

**Probation Officer Action:**

This officer has continually encouraged the defendant to remain drug free and participate in substance abuse treatment. She has remained in Phase 7 of the U.S. Probation Office's Code-a-Phone program, a program whereby defendants call daily to ascertain whether they need to report to the U.S. Probation and Pretrial Services Office to submit a urine screen.

On the afternoon of January 27, 2014, the U.S. Probation Officer that administered the urine screen contacted this officer to advise the defendant's urine was dark orange and resembled Crush soda. The officer indicated Ms. Powell denied there was anything wrong with her urine, and she said the defendant adamantly denied use of illegal or nonprescribed substances.

On January 28, 2014, Ms. Powell called this officer for her weekly check-in. At that time, she advised she did not use oxycodone. This officer instructed her that a positive urine screen would be reported to the Court.

On January 31, 2014, defendant Powell contacted this officer to inquire about the results of the urine sample. She was informed that the specimen was positive for oxycodone and also was diluted. The defendant again denied she used oxycodone, and she stated she did not understand the test results.

**Respectfully Petitioning the Court as Follows:**

Although Ms. Powell currently participates in substance abuse treatment and has reported for urine screens as directed, she submitted a diluted urine sample that was positive for oxycodone. Therefore, Pretrial Services respectfully recommends that the defendant be ordered to appear before the Court to show cause as to why her bond should not be revoked.

Assistant U.S. Attorney Blanche Cook has been advised of the above violations.

Approved:

_____
Vidette A. Putman
Supervisory U.S. Probation Officer


xc:   Blanche Cook, Assistant U.S. Attorney
      James A. Simmons, Defense Counsel

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

United States of America )
v. )
) Case No. 2-13-cr 1
Teresa Dinne Powell )
Defendant )

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: 11:00 am Wednesday, April 10, 2013
Courtroom 783, US. Courthouse 801 Broadway
or Nashville, TN 37203
_Place / Date and Time_

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.



# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____
            Custodian                           Date

(X) (7) The defendant must:
   ( ) (a) submit to supervision by and report for supervision to the _____, telephone number _____, no later than _____.
   ( ) (b) continue or actively seek employment.
   ( ) (c) continue or start an education program.
   ( ) (d) surrender any passport to: _____
   (+) (e) not obtain a passport or other international travel document.
   ( ) (f) abide by the following restrictions on personal association, residence, or travel: _Middle District of TN_
   ( ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _co-defendant except with cocounsel in defending this case_
   ( ) (h) get medical or psychiatric treatment: _____
   ( ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
   ( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
   (X) (k) not possess a firearm, destructive device, or other weapon.
   ( ) (l) not use alcohol ( ) at all ( ) excessively.
   (X) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
   (X) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
   (+) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
   ( ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
      ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
      ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
      ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
   ( ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
      ( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer. _and within 72 hours_
   (X) (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
   (X) (s) _PTS may visit any location where Defendant resides and confiscate any contraband in plain view._

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

Crossville, Tenn. 38555
City and State

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 4-5-13

_____
Judicial Officer's Signature

Joe B. Brown, US Magistrate Judge
Printed name and title

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL